

# Notice of Service of Process

**null / PERINJ**
**Transmittal Number: 21627673**
**Date Processed: 06/17/2020**

| | |
|---|---|
| **Primary Contact:** | Erin McNally<br>Ahold USA Inc. c/o MAC Risk Management<br>1385 Hancock Street<br>Quincy, MA 02169 |
| **Electronic copy provided to:** | Glenn Mason (Ahold, USA)<br>Susan Calaman (Ahold, USA)<br>Nykema Alexander ( Ahold USA)<br>Sandy Carter (Ahold USA)<br>Wendy Higdon (Ahold USA)<br>Rebecca Hardenbrook (Ahold,USA) |
| **Entity:** | The Stop & Shop Supermarket Company LLC<br>Entity ID Number 2114714 |
| **Entity Served:** | The Stop & Shop Supermarket Company LLC |
| **Title of Action:** | Blanca Garcia vs. The Stop & Shop Supermarket Company LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Queens County Supreme Court, NY |
| **Case/Reference No:** | 705161/2020 |
| **Jurisdiction Served:** | New York |
| **Date Served on CSC:** | 06/15/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | Secretary of State in NY on 06/04/2020 |
| **How Served:** | Certified Mail |
| **Sender Information:** | Warren Zwirn<br>718-615-7400 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

State of New York - Department of State
Division of Corporations

Party Served:
THE STOP & SHOP SUPERMARKET COMPANY LLC

Plaintiff/Petitioner:
GARCIA, BLANCA

CSC
80 STATE STREET
ALBANY, NY 12207

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of State on 06/04/2020 pursuant to SECTION 303 OF THE LIMITED LIABILITY COMPANY LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** QUEENS
-----------------------------------------------------------------x
BLANCA GARCIA,

                        Plaintiff/Petitioner,

  - against -                                  Index No. 705161/2020E

THE STOP & SHOP SUPERMARKET,
                        Defendant/Respondent.
-----------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  <u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

  **To register for e-filing or for more information about how e-filing works:**

  - visit: <u>www.nycourts.gov/efile-unrepresented</u> or
  - contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at <u>www.nycourts.gov</u>

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: June 4, 2020

| | |
|---|---|
| Warren Zwirn, Esq. | 2606 East 15th Street, Suite 205 |
| Name | Address |
| | |
| Zwirn & Saulino PC | Brooklyn, NY 11235 |
| Firm Name | |
| | 718-615-7400 |
| | Phone |
| | |
| | wzwirn@zwirnandsaulino.com |
| | E-Mail |

To: _____

_____

_____

6/6/18

Index #           Page 2 of 2           EFM-1

FILED: QUEENS COUNTY CLERK 05/26/2020 08:50 AM
NYSCEF DOC. NO. 1

INDEX NO. 705161/2020
RECEIVED NYSCEF: 05/26/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
BLANCA GARCIA,

        Plaintiff(s),

-against-

THE STOP & SHOP SUPERMARKET COMPANY LLC,

        Defendant(s),
-----------------------------------------------------------------X

Index No.:
Date Purchased:

SUMMONS

Plaintiff designates QUEENS
County as the place of trial.

The basis of venue is:
Plaintiff's Residence:
53-00 65th Place
Apt. 3F
Maspeth, NY 11318

To the above named Defendants:

    You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Brooklyn, New York
       April 20, 2020

ZWIRN & SAULINO PC
Attorney for Plaintiff
2606 East 15th Street, Suite 205
Brooklyn, New York 11235
(718) 615-7400

Notice:   The object of this action is to recover for personal injury due to defendant(s) negligence

        The relief sought is Monetary Damages

    Upon your failure to appear, judgment will be taken against you by default in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction and which warrants the jurisdiction of this Court with interest from October 22, 2018 and the costs of this action.

<u>DEFENDANT(S) ADDRESS(ES)</u>

THE STOP & SHOP SUPERMARKET

FILED: QUEENS COUNTY CLERK 05/26/2020 08:50 AM                INDEX NO. 705161/2020
NYSCEF DOC. NO. 1                                              RECEIVED NYSCEF: 05/26/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
BLANCA GARCIA,

        Plaintiff(s),                                    VERIFIED COMPLAINT

   -against-                                                  INDEX NO.:

THE STOP & SHOP SUPERMARKET COMPANY LLC,

        Defendant(s),
-------------------------------------------------------------------X

Plaintiff, by her attorney, ZWIRN & SAULINO PC, complaining of the Defendant, respectfully alleges, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF BLANCA GARCIA

1. That at the time of the commencement of this action, Plaintiff BLANCA GARCIA resided in the County of Queens, State of New York.

2. That the cause of action alleged herein arose in the County of Queens, State of New York.

3. That on October 22, 2018 and at all times herein mentioned, defendant THE STOP & SHOP SUPERMARKET COMPANY LLC herein shown as "STOP & SHOP", was a domestic corporation organized and existing by virtue of the laws of the State of New York.

4. That on October 22, 2018 and at all times herein mentioned, defendant STOP & SHOP was a foreign corporation authorized to do business in the State of New York.

5. That on October 22, 2018 and at all times herein mentioned, defendant STOP & SHOP was a foreign corporation doing business in the State of New York.

6. That on October 22 2018, and at all times hereinafter mentioned, there existed a

premise at 74-17 Grand Avenue in the State of New York, County of Queens.

7. That on October 22, 2018, and at all times hereinafter mentioned, there existed a premise at 74-17 Grand Avenue in the State of New York, County of Queens and known as Stop & Shop Supermarket #: 0509.

8. That on October 22, 2018, and at all times hereinafter mentioned, the aforementioned premise at 74-17 Grand Avenue, Maspeth, NY was owned by defendant STOP & SHOP.

9. That on October 22, 2018, and at all times hereinafter mentioned, the premise thereof was operated by defendant STOP & SHOP.

10. That on October 22, 2018, and at all times hereinafter mentioned, the premise thereof was maintained by defendant STOP & SHOP.

11. That on October 22, 2018, and at all times hereinafter mentioned, the premise thereof was managed by defendant STOP & SHOP.

12. That on October 22, 2018, and at all times hereinafter mentioned, the premise thereof was controlled by defendant STOP & SHOP.

13. That on October 22, 2018, and at all times herein mentioned, it was the duty of defendant STOP & SHOP to maintain the above premises and parts thereof in a reasonably safe condition.

14. That on October 22, 2018, plaintiff BLANCA GARCIA was at or near the aforesaid premises.

15. That on October 22, 2018, while plaintiff BLANCA GARCIA was lawfully at or near the aforesaid premises, specifically in the egg aisle thereat, she was caused to sustain serious and permanent injuries when she was caused to trip and fall over a U-boat stock cart.

16. The above mentioned occurrence, and the results thereof, were caused by the joint, several and concurrent negligence of the defendants, their servants, agents, employees or licensees in the ownership, operation, management, supervision, maintenance and control of the aforesaid location.

17. That no negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

18. The defendants, their agents, servants, employees or licenses were negligent, reckless and careless in the ownership, operation, maintenance, management, control, supervision, inspection, and/or repair of said premises thereof; in causing, permitting, allowing the store thereof to be, become and remain in a dangerous, defective, hazardous, unsafe and in a trap-like condition; in placing a U-boat stock cart in the path of the plaintiff; in allowing a U-boat stock cart to remain in the pedestrian walkways; in allowing and permitting a U-boat stock cart to remain on the floor of the store; in causing plaintiff to trip over the U-boat stock cart; in causing and creating a public and private nuisance and trap for the unaware; in suffering, causing and/or permitting the stock cart to remain on the floor; in failing to make adequate and/or proper inspections and repairs to prevent the development of the aforesaid condition for the unaware, those mentioned above, and more particularly for the plaintiff herein, in failing to warn those mentioned above, and especially the plaintiff herein, that there existed a dangerous, defective, hazardous, unsafe and trap-like condition on said premises; in failing to place warning signs, notice lights, barriers, barricades, ropes and/or cordons around said defective condition so as to prevent those mentioned above and more particularly the plaintiff herein, from passing nearby and becoming exposed to the hazards therein, in failing to supervise and control the inspection activities of their agents, servants and/or employees; in failing to hire and employ adequate, properly trained and/or sufficient personnel for

FILED: QUEENS COUNTY CLERK 05/26/2020 08:50 AM
NYSCEF DOC. NO. 1
INDEX NO. 705161/2020
RECEIVED NYSCEF: 05/26/2020

the purposes of supervising, inspecting, maintaining and repairing said cart and parts thereof; in failing to hire and employ any personnel for any or all of the aforementioned purposes; in hiring and employing incompetent, untrained, inadequate and insufficient numbers of personnel to perform, supervision, inspection and maintenance duties at the aforesaid premises and parts thereof; in failing to train and supervise their agents, servants and/or employees in the proper and necessary inspection and maintenance of said premises and parts thereof; in failing to promulgate and enforce sufficient rules and regulations for safety standards on said premises and parts thereof; in causing injury to the plaintiff; in failing to keep the plaintiff free from injury notwithstanding the fact that the defendants, their agents, servants, employees and/or licensees, knew of, observed, permitted, caused and/or created the aforesaid defective condition; in violating all applicable laws, statutes, rules, regulations, codes and ordinances then and there in effect and existing at the place and time of the occurrence complained of; and in otherwise being careless, reckless and negligent in the ownership, leasing, operation, control, management, supervision, inspection, maintenance, repair, design, construction, placement, equipping, guarding, renovation, alteration, arranging and conducting the aforesaid premises and parts thereof, including but not necessarily limited to, failing to provide the plaintiff with safe passage; in allowing and permitting said premises and parts thereof to be and remain in such a hazardous dangerous and defective condition; in creating and maintaining a menace, hazard, nuisance and trap thereat; in failing to place signs, barricades, warnings and/or devices to apprise persons of the dangerous, unsafe condition thereat; in failing to properly maintain said premises and parts thereof and in improperly maintaining said premises and parts thereof; and in generally being negligent and reckless on the interior premises and parts thereof; in failing to secure said premises and parts thereof so as not to cause injuries to plaintiff, all in violation of the laws, statutes, ordinances and regulations made and provided for the safe and

FILED: QUEENS COUNTY CLERK 05/26/2020 08:50 AM                INDEX NO. 705161/2020
NYSCEF DOC. NO. 1                                              RECEIVED NYSCEF: 05/26/2020

proper operation, ownership, maintenance and control of said premises and parts thereof.

19. That this action falls within one or more of the exceptions set forth in CPLR 1602.

20. Actual notice is claimed in that the subject premises and parts thereof, where the occurrence complained of herein took place, was owned, operated, managed, maintained, controlled and supervised by the defendants, their agents, servants, employees and/or licensees. At the present time, the plaintiff does not have the names of any specific individuals or dates or places on which any one individual gave specific notice to the defendants, their agents, servants, employees and/or licensees of the hazardous conditions of the premises. However, the existence of these conditions aforementioned itself and further constitute a trap, hidden defect, hazard, pitfall and/or nuisance.

21. Constructive notice is claimed in that the subject defects, unsafe, hazardous, and dangerous conditions aforementioned at the subject premises were in existence for an inordinately long period of time prior to the occurrence complained of herein so that defendant, its agents, servants, employees and/or licensees, knew or should have known of them and discovered them had they exercised reasonable means of inspection, testing, management, maintenance, servicing, and control over said premises and parts thereof. Upon information and belief, all supervision, management, maintenance and control of the subject premises were solely and exclusively the responsibility of the defendant itself, plaintiff having no information at the present time concerning any other individuals.

22. That as a result of the foregoing, plaintiff was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; as a result of said injuries plaintiff was caused, and will continue to be caused, to incur expenses for medical care and attention; and plaintiff was, and will continue to be, rendered unable to perform

FILED: QUEENS COUNTY CLERK 05/26/2020 08:50 AM                    INDEX NO. 705161/2020
NYSCEF DOC. NO. 1                                                       RECEIVED NYSCEF: 05/26/2020

plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

23. That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; loss of normal pursuits and pleasures of life; has been and is informed and verily believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage in the amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and warrants the jurisdiction of the court.

WHEREFORE, plaintiff BLANCA GARCIA demands judgment against the Defendants in the FIRST Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and warrants the jurisdiction of the court along with the costs and disbursements of this action.

Dated: Brooklyn, New York
April 20, 2020

Yours, etc.

ZWIRN & SAULINO, P.C.
Attorney(s) for Plaintiff(s)
2606 East 15th Street, Suite 205
Brooklyn, New York 11235
(718) 615-7400

BY: WARREN ZWIRN, ESQ.

Case 1:21-cv-00053 Document 1-3 Filed 01/05/21 Page 12 of 15 PageID #: 19
FILED: QUEENS COUNTY CLERK 05/26/2020 08:50 AM
NYSCEF DOC. NO. 1

INDEX NO. 705161/2020
RECEIVED NYSCEF: 05/26/2020

## ATTORNEYS VERIFICATION

WARREN ZWIRN, ESQ., hereby affirms as follows:

1. That I am associated with the attorney for the plaintiff in the within action.

2. That I have read the foregoing SUMMONS and VERIFIED COMPLAINT and know the contents thereof; that the same is true to my knowledge, except as to the matters therein stated to the alleged on information and belief, and as to those matters, I believe them to be true.

3. That the reason I make this verification in place and in stead of the plaintiff is that the plaintiff does not reside in the county in which her attorney maintains an office.

Dated: Brooklyn, New York
April 20, 2020

_____
WARREN ZWIRN, ESQ.

FILE NO.: #:

INDEX NO.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

BLANCA GARCIA,

        Plaintiff(s),

   -against-

THE STOP & SHOP SUPERMARKET COMPANY LLC,

        Defendant(s),

---

SUMMONS WITH VERIFIED COMPLAINT

---

          ZWIRN & SAULINO, PC
      Office and Post Office Address
      2606 East 15th Street, Suite 205
          Brooklyn, NY 11235
           (718) 615-7400

*/s/ Warren Zwirn*

BY: WARREN ZWIRN, ESQ.

**Please take notice that this office does not accept service via FAX and/or EMAIL**

202006080 341

276

**DEPARTMENT OF STATE**
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231-0001

Return Services Requested



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**USPS CERTIFIED MAIL**

**USPS CERTIFIED MAIL**

9214 8969 0059 7932 2766 95

202006080341
CSC
80 STATE STREET
ALBANY NY, 12207